UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                              )
                                    )   Case No. 19-16157-JGR
Mondorivoli, LLC,                   )
                                    )   Chapter 11
    Debtor.                         )

**MOTION PURSUANT TO 11 U.S.C. §363 (e) FOR AN ORDER RESTRICTING AND PROHIBITING THE USE OF CASH COLLATERAL**

Four Corners Community Bank ("FCCB"), through counsel, and pursuant to 11 U.S.C. §363 (e) hereby requests that this Court enter its orders restricting and prohibiting Debtor's use of FCCB's cash collateral and as grounds therefor, states as follows:

1. Debtor filed a Petition for relief under Chapter 11 of the United States Bankruptcy Code on July 17, 2019.

2. Subsequent to the filing of its Petition, no trustee has been appointed in this case and Debtor has been acting as a Debtor-in-Possession.

3. At the time of the filing of the Petition, and continuing to this date, FCCB holds a security interest in certain property of Debtor, more particularly described as follows:

    (a) Deed of Trust dated November 30, 2016, recorded December 1, 2016 with the Clerk and Recorder of La Plata County, Colorado, encumbering certain real property known by street and number as 600 Main Avenue, Durango, Colorado 81301, to secure an outstanding obligation in the amount of $3,365,223.52, as of the Petition date.  Said

obligation is also secured by an Assignment of Rents dated November 30, 2016, recorded December 1, 2016, with the Clerk and Recorder of La Plata County, Colorado.

(b) Deed of Trust dated February 8, 2018, recorded February 9, 2018 with the Clerk and Recorder of La Plata County, Colorado, encumbering certain real property known as 601 and 605 Main Avenue, Durango, Colorado 81301, to secure an obligation in the original principal amount of $1,500,000. This claim is also secured by an Assignment of Rents dated February 8, 2018, recorded February 9, 2018 with the Clerk and Recorder of La Plata County, Colorado.

(c) Deed of Trust dated June 1, 2018, recorded June 1, 2018 with the Clerk and Recorder of La Plata County, Colorado, encumbering certain real property known as 600 Main Avenue, Durango, Colorado 81301, to secure a revolving line of credit in the maximum principal amount of $1,300,000. Said obligation is also secured by an Assignment of Rents dated June 1, 2018, recorded June 1, 2018 with the Clerk and Recorder of La Plata County, Colorado.

600, 601 and 605 Main Avenue, Durango, Colorado, are hereinafter referred to as "FCCB's Collateral".

4. FCCB's Collateral consists of buildings which are rented for commercial and retail purposes generating rental income on a monthly basis. All the rental income generated by FCCB's Collateral is subject to FCCB's Deeds of Trust and Assignments of Rents and constitutes cash collateral under 11 U.S.C. §363(a). Debtor has not obtained an order from this Court authorizing the use of the cash collateral nor does FCCB consent to Debtor's use of the cash collateral.

5. The Debtor owns another piece of income producing property, known and numbered as 225 and 277 East 8th Avenue, Durango, Colorado ("East 8th Avenue"). The East 8th Avenue property is subject to a Deed of Trust in favor of Basin Properties, Inc. The Debtor's records reflect that the Debtor comingles the rents and, therefore, cash collateral received from FCCB's Collateral with the rents and, presumably, cash collateral received from the East 8th Avenue property. The Debtor's records reflect that it receives approximately $46,000-$50,000 per month in rental income from both FCCB's Collateral and the East 8th Avenue property, of which approximately 60% is derived from FCCB's Collateral.

6. During the course of these proceedings, Debtor has been using the cash collateral for very questionable purposes, including the following:

(a) Debtor has used the funds to pay the utility bills of a related business owned by one of Debtor's principals, Rochambeau, LLC (the "Bakery"). In addition, Debtor has made post-petition unsecured loans to the Bakery using the cash collateral.

(b) Debtor has used the funds to make numerous payments to its principal Jean-Pierre Bleger in the form of cash or counter checks, owner distributions, officer compensation, and unsubstantiated repair and maintenance reimbursement requests in an amount in excess of $47,000, none of which were authorized by the Court.

(c) The Debtor has used the cash collateral and made post-petition payments to Weinberg Servicing, LLC, the holder of a Deed of Trust encumbering 873 East 3rd Street, Durango, Colorado 81301 ("873 East 3rd Street"). 873 East 3rd Street is the residence of Mr. and Mrs. Bleger and the business location of the Bakery. Neither the Blegers nor the Bakery pay any rent to the Debtor for the use of the property.

7. In the Amended Plan and Disclosure Statement recently filed by Debtor, Debtor represents that it "has continued to make the regular non-default payments on the" FCCB obligations "post-petition" along with the monthly post-petition obligations to its other two secured creditors, Basin Properties and Weinburg Servicing. Debtor's monthly financial reports reflect that, although it has been paying post-petition sums to Basin Properties and Weinburg Serving from FCCB's cash collateral, it has not paid FCCB anything in the preceding seven months. The outstanding balance of the post-petition payments which the debtor has failed to make is in the amount of $241,491.90.

8. 11 U.S.C. §363(e) provides that upon request of an entity that has an interest in cash collateral, the Court shall prohibit or condition such use as is necessary to provide adequate protection of such interest.

9. FCCB requests that the Court enter its orders requiring the Debtor to segregate FCCB's cash collateral from other income received from other sources.

10. FCCB does not object to the use of its cash collateral to pay the reasonable and documented operating expenses of FCCB's Collateral. FCCB does, however, object to the use of its cash collateral for the payment of any amounts to Jean-Pierre Bleger absent prior Court approval after notice and opportunity for hearing. FCCB further objects to the use of the cash collateral for post-petition payments to other secured creditors on account of pre-petition debts.

11. FCCB's limited consent to the use of the cash collateral as set forth herein is conditioned upon the Court ordering Debtor to make adequate protection payments to FCCB on a monthly basis in an amount equivalent to the non-default interest obligation set forth in each of its

loans with the bank. This is exactly what the Debtor has represented it has been doing, even though it has failed to do so.

WHEREFORE, Four Corners Community Bank hereby requests that this Court enter its orders pursuant to 11 U.S.C. §363(e) restricting and prohibiting Debtor from using its cash collateral and conditioning any further restricted use upon Debtor providing adequate protection to Four Corners Community Bank in the form of monthly interest payments.

Respectfully submitted this 11th day of March, 2020.

BURNS, WALL AND MUELLER, P.C.

By: /s/ Robert T. Cosgrove
Robert T. Cosgrove                    #12217
303 E. 17th Avenue, Suite 920
Denver, Colorado 80203
Telephone:  (303) 830-7000
Email:      rcosgrove@bwsm.com
Attorneys for Creditor Four Corners Community Bank